IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MIGUEL HILL**     **PLAINTIFF**

v.     **No. 3:23-cv-00198-MPM-RP**

**TAXX TIME INC. and**
**LORETTA SMITH**

    **DEFENDANTS**

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Default Judgment [25]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

This case involves unpaid wages. On May 30, 2023, Plaintiff Miguel Hill ("Mr. Hill") sued his former employer Loretta Smith ("Ms. Smith") and her company Taxx Time, Inc. alleging that his pay violated the Fair Labor Standards Act. 29 U.S.C. §216(b). On August 24, 2023, Ms. Smith and Taxx Time were served with legal process. Neither Defendant answered, and on September 21, 2023, the clerk filed an entry of default. [10]. The case was then stayed because of a bankruptcy proceeding regarding Ms. Smith. On October 11, 2024, the bankruptcy court closed its case without discharging Mr. Hill's claims against Ms. Smith, and the stay in this case was lifted.

Mr. Hill now moves for default judgment in the amount $31,490.84. This amount includes $7,263.56 in minimum hourly wages, $6,057.45 in overtime wages, $7,263.56 in liquidated damages for Plaintiff's minimum-wage-violation claim, *Owens v. Marstek, LLC*, 548 Fed. Appx. 966, 972 (5th Cir. 2013), $6,057.45 in liquidated damages for Plaintiff's FLSA-overtime claim, *Id.*, $647.50 in interest, $3,495.00 in attorney fees, and $706.32 in costs.

"After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances." *EW Polymer Group, LLC v. GSX Int'l Group, Inc.*, 622 F.Supp.3d 232, 237-38 (M.D. La. 2022) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Second, the Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief." *Id*. (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016)).

> There are six factors in determining whether default judgment is appropriate:
>
> (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant.

*Id*. All these factors weigh in favor of Mr. Hill. There are no apparent material issues of fact here, and no substantial prejudice exists. To date, Defendants have not filed a responsive pleading. From the record, it appears that although Ms. Smith retained counsel for her bankruptcy proceeding, she failed to do for this case or otherwise respond. Rule 55(a) of the Federal Rules of Civil procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Thus, the grounds for default have been clearly established. The judgment sought is not overly harsh, and only requests the amount Mr. Hill testified through affidavit that he is owed, plus a statutorily supported liquidated damages amount, plus reasonable interest, costs, and attorney's fees. Therefore, default judgment is appropriate.

Mr. Hill also has a meritorious claim for relief. Mr. Hill alleges that the clear, statutory minimum wage and overtime requirements of the FLSA were violated by his employer. The back pay and liquidated damages he seek are required by law and easily calculated. *Owens v. Marstek, LLC*, 548 Fed. Appx. 966, 972 (5th Cir. 2013). Thus, default judgment must be entered against Defendants.

**ACCORDINGLY**, Plaintiff Miguel Hill's Motion for Default Judgment [25] is **GRANTED** against both Defendants in the amount $31,490.84.

**SO ORDERED** this the 31st day of March, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI